UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIROSLAWA GREBLA,<br>*Plaintiff*, | )<br>)<br>) | CASE NO. 3:22-cv-13 (KAD) |
| v. | )<br>) | |
| DANBURY HOSPITAL,<br>*Defendant*. | )<br>) | JUNE 29, 2023 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**
**(ECF NO. 62)**

Kari A. Dooley, United States District Judge:

Pending before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint ("SAC") which was filed following the dismissal without prejudice of her Amended Complaint. *See* ECF No. 52, Memorandum of Decision. Defendant argues that Plaintiff has failed to address the deficiencies identified by the Court in the decision dismissing the Amended Complaint. Specifically, Defendant argues that Plaintiff's sole remaining claim[1] brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.* is time barred on its face and Plaintiff has not adequately alleged that the applicable limitations period was equitably tolled. Plaintiff did not file an opposition to the motion to dismiss.[2] For the reasons below, the Motion to Dismiss is GRANTED.

**Standard of Review**

---

[1] The Court dismissed without prejudice four of Plaintiff's previously asserted causes of action. She elected to replead only her ADEA claim.

[2] Local Rule 7(a)(2) provides that failure to submit a memorandum in opposition "may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a)(2). Although Plaintiff did not object to Defendant's motion to dismiss, the Court has an independent obligation "to consider the pleadings and determine whether they contain sufficient grounds for denying a motion to dismiss." *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010); *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."). As such, the Court has considered the Second Amended Complaint to determine whether it contains sufficient grounds to deny Defendant's motion to dismiss.

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

When a complaint appears on its face to be untimely filed, a defendant may challenge the complaint through a motion to dismiss for failure to state a claim upon which relief can be granted. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

**Allegations and Procedural History**

The Court does not repeat the full scope of the Plaintiff's allegations. The parties' familiarity with Plaintiff's allegations are presumed. Rather, the Court sets forth only those allegations which speak to the question of whether Plaintiff's SAC is facially time barred and whether she has adequately alleged facts, which, if proven, would support a determination that the limitations period for filing her Equal Employment Opportunity Commission ("EEOC") complaint was equitably tolled.

In that vein, Plaintiff alleges that on or about December 11, 2019, she was terminated and that such termination was due to age discrimination in violation of the ADEA. She alleges that on or about November 2, 2020,[3] she filed a complaint of discrimination with the Connecticut Human Rights Organization ("CHRO"), which was deemed cross-filed with the EEOC. She received a notice of right to sue from the EEOC on October 9, 2021.[4]

She further alleges that on March 19, 2020, Connecticut Governor Ned Lamont issued an executive order that suspended certain requirements, statutes of limitations, and deadlines in Connecticut judicial proceedings. *See* Exec. Order No. 7G (Mar. 19, 2020). On March 16, 2020, the Department of Justice suspended the issuance of right to sue notices. *See* Dep't of Just., *Department of Justice Temporarily Halts the Issuance of Right-To-Sue Notices Amidst Covid-19 Pandemic* (March 16, 2020), https://www.justice.gov/crt/case-document/file/1272126/download (last visited June 26, 2023). In light of the executive order and the Department of Justice announcement, Plaintiff "reasonably believed that she did not have to file her CHRO complaint within 300 days." SAC ¶ 11.

And as she did previously, Plaintiff alleges that equitable tolling is appropriate "due to the global pandemic and other equitable reasons." SAC ¶ 14.

**Discussion**

---

[3] Defendant asserts that the CHRO complaint was filed on January 8, 2021, and relies upon the complaint itself, which appears to have been signed by Plaintiff on January 5, 2021 and received by the CHRO on January 8, 2021. Consistent with this timeframe, the complaint appears to have been received by the EEOC on January 12, 2021. The Court need not address this discrepancy between the record of the CHRO proceedings and the SAC as there is no dispute that the CHRO complaint (and therefore the EEOC complaint) was not timely filed.

[4] There is no dispute that Plaintiff was required to file her complaint within 300 days of December 11, 2019. *See* 29 U.S.C. § 626(d)(1)(B). Accordingly, there is no dispute that the CHRO complaint was untimely. Even if filed on the earliest date alleged, November 2, 2020, the complaint was filed 327 days after the alleged act of discrimination on December 11, 2019.

On its face, Plaintiff's complaint to the EEOC was untimely as it was made *at least* 327 days following her termination.[5] And as previously discussed, the deadlines for filing an ADEA complaint with the EEOC are not jurisdictional in nature and are subject to equitable tolling. *See Zerilli-Edelglass v. New York City Transport Authority*, 333 F.3d 74, 80 (2d Cir. 2003). However,

> [E]quitable tolling is only appropriate in [ ] *rare and exceptional circumstance[s]*, . . . in which a party is prevented in some extraordinary way from exercising his rights. . . . Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period . . . where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant . . . or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion. . . . When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.

*Id.* at 80–81 (internal citations and quotation marks omitted; emphasis added).

Here, Plaintiff relies on the pandemic, "other equitable reasons," and her own misapprehension as to the applicable limitations period which, she alleges, resulted from Governor Lamont's executive orders and a Department of Justice policy announcement regarding right to sue notices, to support her claim for equitable tolling.[6]

As the Court previously observed, Plaintiff offers no allegations as to her own diligence in pursuing her claims; does not indicate how the pandemic hampered any such unidentified efforts; and does not provide any basis to conclude that she tried but could not timely file her complaint of discrimination with the CHRO. These allegations do not demonstrate that she was "prevented in some extraordinary way from exercising h[er] rights." *Id.* Indeed, Plaintiff offers only her

---

[5] In response to the motion to dismiss the Amended Complaint, Plaintiff did not argue otherwise.

[6] Defendant argues, correctly, that these executive orders applied only to the suspension of limitations with respect to court proceedings and processes and did not suspend Plaintiff's obligations to timely file a charge of discrimination with the CHRO or the EEOC. Defendant further argues that the suspension of right to sue notices is irrelevant to a complainant's obligation to file with the EEOC in the first instance. Defendant is correct. However, the Court does not read the SAC as suggesting otherwise. Rather, Plaintiff cites the executive orders and the DOJ policy announcement as the basis upon which she misunderstood or was confused as to her own obligations.

misunderstanding, which she alleges arose from a state executive order which does not on its face apply to her obligations and a DOJ policy announcement that would only have any application to Plaintiff if she had already filed or intended to file a complaint with the EEOC.

Generally, a plaintiff's ignorance as to a limitations period is inadequate to support equitable tolling. *See Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017) (equitable tolling cannot be premised on ignorance of right to bring a claim). If an agency has affirmatively misled a plaintiff as to her obligations, equitable tolling may be appropriate. *See Jacobs v. SUNY at Buffalo Sch. of Medicine*, 204 F. Supp. 2d 586, 592 (W.D.N.Y. 2002) (applying equitable tolling where plaintiff actively pursued her claim but filed an untimely charge due to misinformation given to her by the EEOC). But absent same, Plaintiff's misunderstanding is simply inadequate. That is especially so where, as here, Plaintiff offers no information as to the steps she took to diligently pursue and act on her obligations. Indeed, even if diligence could be inferred from the SAC, the allegations are still inadequate to establish equitable tolling. *See Jenkins v. Potter*, 271 F. Supp. 2d 557, 564 (S.D.N.Y. 2003) ("Courts have only granted equitable tolling where a claimant has been diligent by filing a defective pleading . . . or where there has been reasonable diligence *plus* extraordinary circumstances) (internal citation omitted). Accordingly, even if all allegations offered in support of equitable tolling are proven, Plaintiff cannot establish that the limitations period for filing her EEOC complaint was tolled. *See Stensrud v. Rochester Genesee Reg'l Transp. Auth.*, 507 F. Supp. 3d 444, 453 (W.D.N.Y. 2020).

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss the Second Amended Complaint (ECF No. 62) is GRANTED. The dismissal is with prejudice. The Clerk of the Court is directed to enter judgment in favor of Defendant and close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of June 2023.

                                           */s/ Kari A. Dooley*
                                           KARI A. DOOLEY
                                           UNITED STATES DISTRICT JUDGE